## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| GIGAMEDIA ACCESS CORPORATION, | Case No. 19-12537 (KBO) |
| Debtor. | |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GIGAMEDIA ACCESS CORPORATION, | |
| Plaintiff, | Adv. Pro. No. |
| v. | |
| ROBERT L. PRIDDY and RKP FAMILY 2015 TRUST, | |
| Defendants. | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, & 550**

Plaintiff, Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee" or the "Plaintiff") for the bankruptcy estate (the "Estate") of GigaMedia Access Corporation (the "Debtor"), by his undersigned attorneys, files this complaint (the "Complaint") against Robert L. Priddy ("Mr. Priddy") and RKP Family 2015 Trust (the "RKP Trust," and collectively with Mr. Priddy, the "Defendants"), and in support thereof hereby alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendants by the Debtor during the

LEGAL\51951217\1

ninety (90) day period prior to the filing of the Debtor's bankruptcy petition, pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Alternatively, Plaintiff seeks, pursuant to Sections 548 and 550 of the Bankruptcy Code, to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfer was made, the Avoidable Transfer on the basis that it was made during the two-year period preceding the Petition Date, while the Debtor was insolvent and intended to continue incurring debts that were beyond the Debtor's ability to pay as such debts matured, in exchange for less than a reasonably equivalent value to the Debtor.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are Sections 547, 548, 550 and 704(a) of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case") is pending in the District of Delaware.

7. Personal jurisdiction over Defendants exists in this Court because Defendants conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfer at issue occurred in the United States.

8.  Defendants are subject to nationwide service of process by first-class mail, postage prepaid pursuant to Bankruptcy Rules 7004(b) and (d).

9.  Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

10. On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

11. On December 4, 2019, Jeoffrey L. Burtch was appointed as interim trustee of the Debtor's estate (the "Estate") pursuant to Section 701 of the Bankruptcy Code.

12. The Trustee now serves as trustee pursuant to Section 702(d).

## THE PARTIES

13. The Debtor was a provider of document protection solutions for endpoint devices, including mobile and desktop endpoints.

14. Pursuant to Sections 547, 548, 550, and 704(a) of the Bankruptcy Code, Plaintiff is authorized and has standing to commence, prosecute, and compromise this cause of action.

15. Upon information and belief, Mr. Priddy was, at all relevant times, a creditor of the Debtor. Prior to the Petition Date, on or about May 11, 2019, Mr. Priddy, directly or through RKP Trust, loaned the Debtor Four Million Dollars ($4,000,000.00).

16. Upon information and belief, Mr. Priddy may be served at 901 West Alta Drive, #1001, Las Vegas, Nevada 89145, and the RKP Trust may be served in care of Mr. Priddy at the same address.

3
LEGAL\51951217\1

## FACTUAL BACKGROUND

17. Prior to the Petition Date, on or about May 11, 2019, Mr. Priddy, through RKP Trust, loaned the Debtor Four Million Dollars ($4,000,000.00). The loan was evidenced by a Promissory Note from the Debtor to Mr. Priddy dated May 11, 2019. The Promissory Note matured on July 15, 2019, and the Debtor defaulted on the Note. A true and correct copy of the Promissory Note is attached hereto as **Exhibit "A."**

18. During the two-year period preceding the Petition Date (November 27, 2017 through and including November 27, 2019 (the "Two-Year Period")), and specifically during the ninety (90) day period prior to the Petition Date (August 29, 2019 through and including November 27, 2019 (the "Preference Period")), on or about October 17, 2019, the Debtor made a transfer (the "Avoidable Transfer") to Defendants in the amount of Four Million Dollars ($4,000,000.00). The Avoidable Transfer was made to the RKP Trust at the direction of Mr. Priddy.

19. By letter to Defendants dated September 11, 2020, Plaintiff made a demand for the return of the Avoidable Transfer.

20. During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendants during the Preference Period or the Two-Year Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Avoidable Transfer, (ii) additional transfers, (iii) modifications of and/or revisions to Defendants' names, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT I - TO AVOID A PREFERENTIAL TRANSFER
## PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. Pursuant to Section 547(b) of the Bankruptcy Code, a trustee, based on reasonable due diligence in the circumstances of the case, and taking into account a party's known or reasonably knowable Section 547(c) affirmative defenses, may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

23. After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under Section 547(c), Plaintiff believes that the transfer of Four Million Dollars ($4,000,000.00) to Defendants is avoidable.

24. As detailed in **Exhibit "B"** attached hereto, the Debtor made an Avoidable Transfer to Defendants from the Debtor's operating account at Bank of America on or about October 17, 2019, in the amount of Four Million Dollars ($4,000,000.00). The Avoidable Transfer was made to the RKP Trust at the direction of Mr. Priddy.

25. The Avoidable Transfer constituted a transfer of an interest of the Debtor in property.

26. Upon information and belief, the Avoidable Transfer was made to or for the benefit of Defendants, creditors or assignee of creditors of the Debtor.

5

27. Upon information and belief, the Avoidable Transfer was for or on account of an antecedent debt owed by the Debtor to Mr. Priddy before such transfer was made.

28. Plaintiff is entitled to the presumption of insolvency for the transfer made during the ninety (90) day period prior to the Petition Date pursuant to 11 U.S.C. § 547(f), and indeed, at all relevant times, the Debtor's liabilities exceeded the value of its assets at fair valuation. Accordingly, the Avoidable Transfer was made at a time when the Debtor was insolvent.

29. The Avoidable Transfer was made during the ninety (90) day period prior to the Petition Date.

30. The Avoidable Transfer enabled Defendants to receive more in satisfaction of the claim against the Debtor than they would have received in a case under Chapter 7 of the Bankruptcy Code had the payment not been made.

31. By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 547 of the Bankruptcy Code avoiding the Avoidable Transfer.

### COUNT II - TO AVOID FRAUDULENT TRANSFER
### PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

33. Alternatively, to the extent that the Avoidable Transfer was not on account of an antecedent debt, upon information and belief, the Debtor received less than equivalent value in exchange for the Avoidable Transfer.

34. Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, a trustee may avoid transfers occurring within the two years prior to the Petition Date if the Debtor (i) received less than a reasonably equivalent value in exchange for such transfers; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result

6

of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

35. After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under Section 548, Plaintiff believes that the Avoidable Transfer is avoidable pursuant to Section 548.

36. The Debtor made the Avoidable Transfer to Defendants during the Two-Year Period, on October 17, 2019, in the amount of Four Million Dollars ($4,000,000.00).

37. The Debtor received less than a reasonably equivalent value in exchange for the Avoidable Transfer.

38. At all relevant times, the Debtor's liabilities exceeded the value of its assets at fair valuation. Accordingly, the Avoidable Transfer was made at a time when the Debtor was insolvent or the Debtor became insolvent as a result of the Avoidable Transfer.

39. At the times that the Avoidable Transfer was made by the Debtor to Defendants, the Debtor was engaged in business and transactions, or was about to engage in business or transactions, for which the remaining property of the Debtor was an unreasonably small capital.

40. When the Debtor made the Avoidable Transfer to Defendants, the Debtor intended to incur or believed it would incur debts beyond its ability to pay as such debts matured.

41. By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 548 of the Bankruptcy Code avoiding the Avoidable Transfer.

### COUNT III - TO RECOVER THE AVOIDED TRANSFER(S) PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

43. Defendants were the initial transferees of the Avoidable Transfer or the immediate or mediate transferees of such initial transferee or the persons for whose benefit the Avoidable Transfer was made.

44. Plaintiff is entitled to recover from Defendants the Avoidable Transfer pursuant to Section 550(a) of the Bankruptcy Code, to the extent it is avoided pursuant to Section 547 and/or Section 548 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants granting the following relief:

A. On Count I of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendants, avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 547(b), and granting Plaintiff such other and further relief as this Court may deem just and proper.

B. Alternatively, on Count II of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendants, avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 548, and granting Plaintiff such other and further relief as this Court may deem just and proper.

C. On Count III of Plaintiff's Complaint, directing Defendants to return to Plaintiff Four Million Dollars ($4,000,000.00), the amount of the Avoidable Transfer, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal

rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees.

Dated: April 23, 2021

COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
T: (302) 295-2035
F: (215) 701-2209
mfelger@cozen.com
gfischer@cozen.com

*Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee for the Estate of Debtor, GigaMedia Access Corporation*